IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

EXPO EMART LLC )
1101 University Blvd. )
Takoma Park, MD 20912 )
)
     Plaintiff, )
)
v. )    Case No. 401819
)
UNITED FOOD AND COMMERCIAL )
  WORKERS UNION LOCAL 400 )
4301 Garden City Drive )
Landover, MD 20785 )
Serve: Craig Simpson, Executive Director )
)
    and )
)
GUILLERMO ZELAYA )
4301 Garden City Drive )
Landover, MD 20785 )
)
    Defendants. )

**RECEIVED**

FEB 27 2015

... ..  .. .t Court
Montgomery County, Md.

## COMPLAINT

Plaintiff, Expo Emart LLC, by and through its attorneys, Michael G. Campbell, Esq. and Miller, Miller & Canby, sues the Defendants, United Food and Commercial Workers Union Local 400 and Guillermo Zelaya, and for cause states as follows:

### Parties

1.    Plaintiff Expo Emart LLC ("Expo") is a limited liability company organized under the law of the Commonwealth of Virginia and duly registered to conduct business in Maryland.

2.    Defendant United Food and Commercial Workers Union Local 400 ("UFCW Local 400") is a local chapter of a national labor organization.

3.    Defendant Guillermo Zelaya ("Zelaya") is an employee and authorized representative of UFCW Local 400.

## Background Facts

4.    Expo is in the retail grocery business with locations in Takoma Park, Maryland and Springfield, Virginia.  Expo leases a large store in a shopping center located at 1101 University Boulevard, Takoma Park.

5.    Expo does not allow solicitations on its premises in Takoma Park and a sign is posted on the front door: "*NOTICE* NO SOLICITATION."

6.    Under federal law, it is illegal and considered an "unfair labor practice" for a labor organization or its agents: "to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services ...." 29 U.S.C.S. § 158(b)(4).

7.    In December, 2014, Zelaya entered Expo's premises in Takoma Park for the purpose of engaging in unfair labor practices, trespass and improper solicitations.

8.    Zelaya's appearance in the store was without any advance notice and without the permission or knowledge of Expo.

9.    While Expo's owner was away, Zelaya walked around the store and cornered several employees.  He told them that, *inter alia*, Expo was not paying them adequate wages under law, that Expo was going bankrupt, that they should quit their employment with Expo, and that they should join UFCW Local 400.

2

10.     As an example, Zelaya cornered an employee in the flower department of the store and told her that she was not being paid adequate wages under the law. The employee said that she was being paid minimum wage plus proper overtime wages. Zelaya accused her of lying and said many people in the store were not being paid for overtime.

11.     Zelaya's interrogation of the aforementioned employee lasted 25 minutes, during which time he prevented her from performing her job. He also advised her to sign a petition, which she refused to so. His acts constituted threats, coercion and restraint, which are forbidden by federal labor law.

12.     Zelaya also asked the flower department employee and several other employees to sign a paper that he brought with him. At present, the contents of this paper are unknown to Expo.

13.     Zelaya's activities were not confined to the public areas of the store. He also entered the closed, restricted areas in the back of the store that are clearly marked, "Employees Only."

14.     Zelaya encouraged several employees to go outside during their work hours to confer with other representatives from UFCW Local 400.

15.     Expo's owner did not learn about Zelaya's activities until several weeks after they occurred.

16.     Expo fears that the Defendants' unlawful conduct will occur again unless the court issues injunctive relief.

## COUNT I
(Trespass)

17.   Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 16 above.

18.   Zelaya, individually and on behalf of UFCW Local 400, did physically enter upon the aforesaid property leased and possessed by the Plaintiff.

19.   This intrusion was unlawful, without the consent of the Plaintiff and interfered with the possessory interests of Plaintiff in the aforesaid property.

20.   The Defendants' conduct constituted a trespass on the land possessed by the Plaintiff. There exists a strong likelihood that Plaintiff will succeed on the merits of its claim.

21.   Unless the Defendants are restrained by this Court from trespassing upon the aforementioned land, which Plaintiff rightfully possesses, Plaintiff will suffer immediate, substantial and irreparable injury.

22.   The benefits to Plaintiff in obtaining injunctive relief are equal to or outweigh the potential harm which the Defendants would incur if this Court grants the requested injunctive relief.

WHEREFORE, the Plaintiff, Expo Emart, LLC, demands:

a) An order granting a preliminary injunction restraining Zelaya and any other representative of UFCW Local 400 from trespassing upon the Plaintiff's leasehold estate;

b) An order granting a permanent injunction restraining Zelaya and any other representative of UFCW Local 400 from trespassing upon the Plaintiff's leasehold estate;

c) A judgment against UFCW Local 400 in the sum of at least Twenty Thousand Dollars ($20,000.00) for its trespass; and

4

d) Such other and further relief as appropriate in law or equity.

## COUNT II
(Intentional Interference with Economic Relationships)

23.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 15 above.

24.    Expo has economic relationships with its employees who provide valuable services to the company in return for compensation.

25.    Zelaya, individually and on behalf of UFCW Local 400, interfered with such relationships by falsely telling employees that they were not being paid adequate wages under law, intimidating employees, asking employees to sign papers, alleging that Expo was going bankrupt, and advising employees to quit their employment with Expo.

26.    The Defendants acts were intentional, malicious and intended to harm Expo.

27.    The Defendants' acts were done for the unlawful purpose to cause damage and loss, without right or justifiable cause on the part of the Defendants.

28.    As a result of the Defendants' acts, several employees left their employment, employee morale was damaged and Expo has had to hire replacement employees.

29.    Plaintiff has suffered substantial damages as a result of the Defendants' actions.

WHEREFORE, the Plaintiff, Expo E-Mart LLC, demands judgment against the Defendants, United Food and Commercial Workers Union Local 400 and Guillermo Zelaya, in the sum of Twenty Thousand Dollars ($20,000.00) in compensatory damage and Fifty Thousand Dollars ($50,000) in punitive damages, plus interest and costs.

Respectfully submitted,

Michael G. Campbell
MILLER, MILLER & CANBY
200-B Monroe Street
Rockville, Maryland 20850
(301) 762-5212
(301) 762-6044 facsimile
mgcampbell@mmcanby.com

*Counsel for Plaintiff*